IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAKIIM A. STRICKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1014 (MN) |
| | ) |
| CENTURION HEALTHCARE | ) |
| PROVIDERS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Rakiim A. Strickland, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

November 22, 2021
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

Plaintiff Rakiim A. Strickland ("Plaintiff"), an inmate at the Sussex Correctional Institution ("SCI"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). This Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a). Plaintiff also requests counsel and seeks relief. (D.I. 5, 7).

## I. BACKGROUND

Plaintiff alleges violations of the Due Process Clause and the Eighth Amendment from the Summer of 2019 to the present. (D.I. 3 at 5). Plaintiff names two contract medical providers to the Delaware Department of Correction as defendants: Centurion Healthcare Providers, Inc. ("Centurion") and Connections Healthcare Providers, Inc. ("Connections"). Centurion became the contract medical provider on April 1, 2020. On August 12, 2021, Connections filed a suggestion of bankruptcy and this matter is stayed as to Connections and its employees pursuant to Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a).

On February 17, 2020, Plaintiff submitted a sick call slip and complained of rapidly deteriorating and blurred vision in the left eye. (D.I. 3 at 5). He was evaluated by a sick call nurse who told him that she did not believe him when he said that he could not read the wall chart. (*Id.* at 6). He was not referred to a physician or specialist. (*Id.*). Plaintiff submitted another sick call slip and was seen by a nurse who also did not refer him to a physician or a specialist. (*Id.*).

Plaintiff submitted multiple sick call slips and grievances regarding his vision. (*Id.*). Plaintiff was seen by medical staff for a preliminary review of a grievance and they refused to refer Plaintiff for treatment. (*Id.*). A three-member medical staff panel also refused to refer Plaintiff

1

for treatment. (*Id*.). Plaintiff continued to submit sick call slips. (*Id*.). Plaintiff was told several times that he would see an in-house provider but he did not. (*Id*.).

Plaintiff was finally sent to see an outside ophthalmologist in April 2021 who determined that Plaintiff should see a retina specialist. (*Id*.). The retina specialist referred Plaintiff to a cornea specialist. (*Id*.). Plaintiff had not seen the cornea specialist as of the date he commenced this action. (*Id*. at 7). Plaintiff alleges that medical staff intentionally delayed and refused him medical care. (*Id*.).

Plaintiff seeks compensatory damages and injunctive relief. (*Id.* at 8).

## II.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989));

*see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).  "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions.  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted).  In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).  Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may

3

not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.     DISCUSSION

#### A.     Grievances

The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006). To the extent that Plaintiff bases his claims upon his dissatisfaction with the grievance procedure, an inadequate investigation, or denial of his grievances the claims fail because Plaintiff has no freestanding claim based on the denial of his grievances. *See Hayes v. Gilmore*, 802 F. App'x 84, 87-88 (3d Cir. 2020) (citing *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) ("Inmates do not have a constitutionally protected right to the prison grievance process.") (citation omitted); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.")). Hence Plaintiff's claims regarding the grievance process, simply do not give rise to cognizable, independent claims.

Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were denied, not fully investigated, that the process was impeded in some fashion, or that the grievance process is inadequate. Accordingly, the grievance claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B. Medical Needs

Plaintiff has alleged what appear to be non-frivolous and cognizable claims against Centurion and its Jane Doe employee as of the date that Centurion became the contract medical provider for the Delaware Department of Correction. Plaintiff may proceed with the claims.

### C. Request For Counsel

Plaintiff seeks counsel on the grounds that he cannot afford counsel, the issues are complex, the law library is inadequate, he has limited knowledge of the law, he has sought counsel without success, and he continues to suffer irreversible damages and need urgent medical attention. (D.I. 5).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Representation by counsel may be appropriate, however, under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request

---

[1]   *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

5

a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Several of the *Tabron* factors militate against granting Plaintiff's requests for counsel at this time. To date, Plaintiff has ably represented himself and presented his claims. As pleded, the issues do not appear to be complex. Also, the case is in its early stages and Defendants have not been served. Therefore, the request will be denied without prejudice to renew. (D.I. 5).

    **D.**    **Injunctive Relief**

Plaintiff moves for injunctive relief on the grounds that there has already been a delay in medical treatment for nearly two years, his condition is worsening, he has suffered irreversible vision loss, Defendants cannot be relied upon to coordinate immediate treatment without Court intervention, and he will likely go completely blind without immediate treatment. (D.I. 7).

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet

I'") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Plaintiff has not met the requirements for injunctive relief. He provides argument with no supporting evidence as is necessary for injunctive relief. He, therefore, has failed to show a likelihood of success on the merits. The Court will deny the motion. (D.I. 7).

## IV.  CONCLUSION

For the above reasons, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 5); (2) deny Plaintiff's motion for injunctive relief (D.I. 7); (3) dismiss all grievance claims as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1); and (4) allow Plaintiff to proceed on the medical needs claims against Centurion and Jane Does #1 through 8 that accrued from the date Centurion became the medical contract provider for the Delaware Department of Correction.

An appropriate Order will be entered.